IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SYSCO VIRGINIA, LLC,

         Petitioner,

v.                                      MISCELLANEOUS NO.  5:16-mc-00005

COUNTRY ROADS COOPERATIVE,

         Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion for Temporary Restraining Order* (Document 1), the *Plaintiff's Memorandum of Law in Support of Motion for Temporary Restraining Order* (Document 2), and all attached exhibits.  In addition, the Court has reviewed the *Plaintiff's Emergency Motion for Expedited Hearing/Ruling* (Document 4).  The Plaintiff seeks a temporary restraining order preventing the Defendant, Country Roads Cooperative, from releasing certain documents in response to a Freedom of Information Act (FOIA) request.

**FACTUAL BACKGROUND**

On June 29, 2015, Country Roads issued a Request for Proposals (RFP) for the distribution of food and food service supplies to public schools in nine counties in southern West Virginia. The RFP was for a nine-month contract for the 2015-2016 school year, and the contract could be extended for up to three years.  Sysco submitted a bid.[1]  On January 6, 2016, Country Roads notified Sysco that a competitor had filed a FOIA request "seeking documents and written

---

[1] The Court notes that the documents supplied do not state whether Sysco's bid was successful.

correspondences between Sysco and Country Roads Food, including the original bid document submitted by Sysco to Country Roads." (Mem. at 2.) The RFP states that it will keep confidential any material designated by bidder as proprietary

> unless or until a competitor asks to have access to price information, specifically, cost and fixed fee. In such case, the Cooperative will notify the affected bidder that a challenge has been made. If the affected bidder can produce a court issued restraining order within fifteen (15) calendar days subsequent to the notification, the information will remain confidential and shall NOT be released pending subsequent court action. If the restraining order is not received within the fifteen (15) day period, the information will be released and the Cooperative shall not be held liable.

(RFP at ¶ 9, att'd as Ex. A to Pl.'s Mem.) (Document 2-1.)


## DISCUSSION

Sysco argues that it would suffer irreparable harm if its pricing information were disclosed to its competitor, because that competitor would "obtain an unfair competitive advantage" and Sysco would lose the opportunity to compete fairly. (Mem. at 4–5.) Further, "because any contract with Country Roads executed as a result of the RFP could be extended for a period of up to three years; as such, it is impossible to accurately ascertain the extent of the loss resulting from the disclosure of Sysco's bid." (*Id.* at 5.) Sysco contends that Country Roads would not be harmed by the requested injunction. It further argues that it would be likely to succeed on the merits because FOIA exempts disclosure of trade secrets and confidential financial information. Sysco suggests that keeping the information confidential serves the public's interest in enforcement of contracts because the RFP contains provisions limiting access to pricing information.[2]

---

[2] Section 6(D) on page 11 of the RFD provides:
> Price files may be examined by offerors during normal working hours **only after award of bid.** Official copies of the bid will be located at the office of one of the

As an initial matter, Sysco seeks a temporary restraining order without notice to the adverse party.  Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a temporary restraining order may be issued without notice

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Sysco has not provided an affidavit or verified complaint, and has not described any efforts to provide notice to either Country Roads or the party that filed the FOIA request.  Thus, Sysco clearly failed to comply with the procedural requirements of Rule 65(b)(1), and its motion for a temporary restraining order must fail for this reason alone.

Even if Sysco rectified the procedural shortcomings of its motion, however, it has failed to show that it is entitled to the "extraordinary remedy" of preliminary relief.  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Plaintiffs must satisfy all four requirements.  *JAK Prods., Inc. v. Bayer*, 616 F. App'x 94, 95 (4th Cir. 2015) (unpublished, per curiam opinion).

---

Co-chairs and he/she must be present during viewing.  **Files will not be removed from the premises**, employees will not make copies nor will copy machines be made available to the public for the purpose of copying bid documents.  Anyone wishing to view evaluated bid documents should contact one of the Co-Chairs.

First, the Plaintiff has not demonstrated that it would suffer irreparable harm absent a preliminary injunction or temporary restraining order. The reason for the Plaintiff's urgency is clear: the RFP states that requested documents will be released within fifteen days of notification, absent a restraining order. Here, Sysco indicates that it received notice on January 6, 2016, giving it until January 21, 2016 to obtain a restraining order. However, Sysco's filings herein do not describe the allegedly confidential materials in sufficient detail to permit the Court to evaluate what harm, if any, would result from their release. Absent additional facts, the Court cannot determine that Sysco's concerns about being placed at a competitive disadvantage are likely to come to fruition should Country Roads release its bid documents. Therefore, Sysco has not met its burden of demonstrating that it would suffer irreparable harm absent a temporary restraining order.

Sysco has likewise failed to demonstrate a likelihood of success on the merits. First, the Court notes that it has not filed an underlying complaint, which renders the question of success on the merits somewhat nebulous. The Court has, however, carefully considered Sysco's arguments regarding both the RFP and contract law, and FOIA disclosure requirements.

The RFP clearly contemplates the release of bid documents, including pricing information. It indicates that such information will be released absent a court-issued restraining order. Sysco suggests that the RFP's provision barring Country Roads from releasing information if a court issues a restraining order prohibiting it from doing so somehow demonstrates that such a restraining order should be issued. Such circular reasoning cannot withstand judicial scrutiny. The provision merely notifies bidders of the procedures Country Roads will follow should a competitor seek information identified as proprietary. It has no bearing on the factors governing

4

preliminary relief.  Sysco also cites Section 6(d) to further argue that the RFP contractually requires that price files remain confidential.  That section begins by stating that "[p]rice files may be examined by offerors during normal working hours **only after award of bid.**"  (RFP, § 6(d) at 11 (emphasis in original.)  It goes on to describe the conditions under which such documents may be viewed.  Again, the RFP cannot be read to assure bidders that their information would remain confidential. The cited provisions simply set forth procedures for handling and releasing information.

Next, Sysco argues that FOIA itself bars, or at least counsels against, disclosure of the documents.  The FOIA provision it relies on, exemption four, has been the subject of previous litigation.  That provision provides an exception to the mandatory disclosure requirement for "trade secrets and commercial or financial information from a person and privileged or confidential."  5 U.S.C. § 552(b)(4).  Sysco cites *Westinghouse Electric Corp. v. Schlesinger*, wherein the Fourth Circuit affirmed the grant of injunctive relief to bar disclosure of confidential information pursuant to exemption four.  542 F.2d 1190, 1215 (4th Cir. 1976).  However, the United States Supreme Court addressed the issue three years later, and held that FOIA does not provide a basis for suit to prevent disclosure.  *Chrysler Corp. v. Brown*, 441 U.S. 281, 291-93 (1979) (explaining that the exemptions do not "impose affirmative duties on an agency to withhold information sought").[3]

The Fourth Circuit set forth the appropriate framework for attempts to bar disclosure of confidential financial information in circumstances similar to that presented here in *Acumenics Research & Tech. v. U.S. Dep't of Justice*, 843 F.2d 800 (4th Cir. 1988) (recognizing that

---

[3] The Supreme Court noted that FOIA contains a provision giving federal district courts jurisdiction to prevent agencies from refusing to disclose records, but "does not give the authority to bar disclosure." *Chrysler Corp. v. Brown*, 441 U.S. 281, 292 (1979) (citing 5 U.S.C. § 552(a)(4)(B)).

*Westinghouse* was no longer good law in light of *Chrysler*).[4]  The Fourth Circuit explained that disclosure of information covered by exemption four would generally be barred by the Trade Secrets Act, and therefore, disclosure would not be in accordance with the law as required by the Administrative Procedure Act.  *Id.* at 804.  Neither FOIA nor the Trade Secrets Act provides a private right of action for parties seeking to prevent disclosure.  *Id.*

In short, Sysco relies on exemption four to urge the Court to prohibit Country Roads from disclosing certain information.  Clear precedent prohibits the Court from barring FOIA disclosures under that provision.  Thus, the Court finds that Sysco is unlikely to succeed on the merits (even in the absence of an underlying claim), and is not entitled to preliminary injunctive relief.

Though the findings made thus far mandate denial of Sysco's motion, the Court will briefly address the remaining factors.  Sysco argues that Country Roads would not be harmed by the injunction.  The Court agrees that Country Roads is unlikely to be directly affected in these circumstances, although it could be subject to litigation by the party seeking disclosure.  That party has a more direct adversarial relationship to Sysco, and could be impacted by an injunction, in that issuance would preclude its ability to evaluate the fairness of the bidding process.  The public interest, meanwhile, weighs against Sysco.  The RFP was designed to solicit bids for provision of food and supplies for public schools.  The public clearly has an interest in ensuring that the process was fair and transparent, and that the school systems are not paying more than necessary.  Disclosure of bid documents and pricing information protects that interest.  Sysco is, therefore, unable to demonstrate that preliminary injunctive relief is in the public interest.

---

[4] It is difficult to justify and the Court would be neglectful to accept reliance upon a case that was good law for only three years in the late 1970s, and was expressly recognized as having been abrogated by a subsequent Supreme Court decision more than twenty-five years ago.

## CONCLUSION

WHEREFORE, following careful consideration and for the reasons stated herein, the Court

**ORDERS** that the *Plaintiff's Motion for Temporary Restraining Order* (Document 1) be **DENIED**

and that this action be **DISMISSED**.  The Court further **ORDERS** that the *Plaintiff's Emergency*

*Motion for Expedited Hearing/Ruling* (Document 4) be **DENIED AS MOOT.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record

and to any unrepresented party.

ENTER:        January 19, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7