## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

SYSCO VIRGINIA, LLC,

                Petitioner,

v.                                       MISCELLANEOUS NO.  5:16-mc-00005

COUNTRY ROADS COOPERATIVE,

                Respondent.

### ORDER

The Court has reviewed Sysco's *Motion for Reconsideration* (Document 7) and *Brief in Support of Reconsideration* (Document 8).  Sysco seeks relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court's denial of its motion for a temporary restraining order rests on legal errors and constitutes an abuse of discretion.

First, Sysco contends that it adequately complied with Rule 65(b)(1) because it provided copies of its motion and supporting brief to the Defendant, as evidenced by certificates of service, and that such service renders an affidavit or verified complaint "unnecessary."  (Mem. at 3.)  The requirements of the Federal Rules of Civil Procedure cannot be unilaterally disregarded because a party believes them to be unnecessary under the circumstances.  Even if the Court were to accept that the certificates of service sufficed under Rule 65(b)(1)(B) to show an adequate attempt to serve the Defendant, the requirement that an affidavit or verified complaint be filed relates to the *evidence* necessary to grant relief.

Next, Sysco argues that requiring it to "disclose specific details about the information it seeks to protect defeats the hallmark purpose of a temporary restraining order." (Mem. at 3.) Parties may, of course, file confidential materials under seal. The Court will not issue a temporary restraining order absent evidence to support allegations of potential irreparable harm.

Sysco goes on to argue that "the Court failed to follow the proper order in its analysis as directed by the Fourth Circuit when it considered success on the merits before it balanced Sysco and Country Roads' respective hardships." (Mem. at 5.) It relies on several cases citing the test for preliminary relief used in the Fourth Circuit prior to the Supreme Court's 2008 ruling in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), which set the current test used in all federal courts. *See, e.g.*, *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) *judgment vacated,* 559 U.S. 1089 (2010) and *adhered to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010) ("Because of its differences with the *Winter* test, the *Blackwelder* balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in *Winter* governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts."). As the Court appropriately applied the current test in its memorandum opinion and order, no reconsideration is warranted.[1]

Sysco further argues that the Court misconstrued the impact of *Chrysler Corp. v. Brown*, 441 U.S. 281 (1979). It again contends that the materials in question fall within exemption four

---

[1] Sysco relied on case law that had been abrogated in important respects in its initial motion and memorandum, as will be discussed in more detail below. Doing so once again suggests a pattern of either failing to conduct proper legal research or willful misrepresentation of the status of the law. Though the Court has opted not to impose any sanction based on the relatively recent nature of the change in the law on preliminary relief within the Fourth Circuit and the necessarily limited time frames involved in filings for preliminary relief, Sysco's counsel would be well advised to review *current* case law before filing future motions for reconsideration based on asserted legal error, and in any other briefing.

of the Freedom of Information Act (FOIA). 5 U.S.C. § 552(b)(4). The Court's opinion did not address whether the materials fall within exemption four or not (and could not, as Sysco opted not to provide the bidding materials to the Court). The import of *Chrysler* negates any such analysis, as the Supreme Court held that parties in Sysco's position may not sue in federal court to block disclosures under FOIA. *Chrysler Corp. v. Brown*, 441 U.S. 281, 291-93 (1979). Country Roads, as the disclosing agency, is responsible for determining whether an exception to FOIA's disclosure requirements is applicable and deciding whether or not to disclose.[2] Courts apply the FOIA exemptions only when parties *seeking disclosure* bring suit against non-disclosing agencies that invoke those exemptions. Sysco is free to direct its arguments regarding Country Roads' interests and the applicability of exemption four to Country Roads.[3]

Finally, Sysco takes issue with the Court's finding that "the public clearly has an interest in ensuring that the [bidding] process was fair and transparent, and that the school systems are not paying more than necessary." (Mem. Op. at 6.) It contends that disclosure of bidding documents would result in school systems accepting the lowest bid "at the expense of the public's health and safety." (Mem. at 10.) The Court finds this concern lacking in merit. The same public that has an interest in not overpaying for school lunches has an interest in providing children with safe and healthy meals. Regardless, Sysco's failure to demonstrate a likelihood of success on the merits, as the Court previously found, mandates denial of its motion for a temporary restraining order. Its

---

[2] The Court assumes herein that FOIA is applicable to Country Roads, as that is the legal framework presented by the Plaintiff.

[3] Parties seeking to prevent disclosure of trade secrets have recourse under the Administrative Procedure Act. In such cases, an agency record containing the agency's reasoning regarding disclosure provides a starting point for a court's analysis. *Gen. Motors Corp. v. Marshall*, 654 F.2d 294, 298 (4th Cir. 1981).

failure to accurately point to any misapplication of the law by the Court mandates denial of its motion for reconsideration.

Wherefore, following careful consideration, and for the reasons stated herein and in the Court's previous memorandum opinion and order (Document 5), the Court **ORDERS** that the *Motion for Reconsideration* (Document 7) be **DENIED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

    ENTER:    January 25, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA